# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03015-NYW

SEBO AMERICA, LLC,

    Plaintiff,

v.

ROBERT B. AZAR,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on the following two motions:

(1)     Plaintiff SEBO America, LLC's ("Plaintiff" or "SEBO") Motion for and Brief in Support of a Temporary Restraining Order (the "Motion for Preliminary Injunction"),[1] filed January 7, 2021, [#15]; and

(2)     Defendant Robert B. Azar's ("Defendant" or "Mr. Azar") Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion to Dismiss"), filed January 10, 2021, [#18].

The undersigned considers these motions pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes. [#19]. Having reviewed the Motions and associated briefing, the applicable case law, the record before the court, and the comments offered at the February 23,

---

[1] Rule 65 of the Federal Rules of Civil Procedure authorizes the court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a), (b). "When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2951 (3d ed.). Because Defendant received notice of the Motion for and Brief in Support of a Temporary Restraining Order and filed a Response, the court treats the Motion as a motion for preliminary injunction.

2021 Motions Hearing [#27], I respectfully **GRANT** the Motion to Dismiss and **DENY as moot** the Motion for Preliminary Injunction.

## BACKGROUND

The court draws the following facts from the record before the court, which are undisputed for purposes of the instant Motions. SEBO, a Colorado limited liability company, is the exclusive licensee or owner of certain registered and common law trademarks[2] and is the exclusive owner of creative content[3] registered with the United States Copyright Office. *See* [#10 at ¶¶ 3-4, 32-38; #15-1; #15-3 at ¶¶ 2, 6]. SEBO's trademarks and copyrighted materials relate to "floor maintenance equipment, including vacuum cleaners, vacuum cleaner dust bags, vacuum cleaner filters, vacuum cleaner attachments and accessories, replacement parts for vacuum cleaners, and related goods." [#10 at ¶¶ 3-4, 32]; *see also* [#15-1; #15-3 at ¶¶ 2-3; #23-2]. SEBO places great value on the strong reputation of its trademarks and emphasizes protecting that goodwill. *See* [#10 at ¶¶ 42-43; #15-3 at ¶¶ 3-5, 12-13, 23, 27]. To that end, SEBO "markets and sells its products to customers in the United States through an authorized dealership network[,]" with each authorized dealer meticulously vetted, approved, and trained, and receiving SEBO's customer support system and warranties. *See* [#10 at ¶¶ 47-54; #15-3 at ¶¶ 7-11, 23].

Mr. Azar, a resident of the Commonwealth of Kentucky, sells "predominately used and open box third party goods" on Amazon.com ("Amazon") under the moniker Fairfaxer International. [#18-1 at ¶¶ 2-4]; *see also* [#10 at ¶ 14]. Mr. Azar pays a fee for listing his products on Amazon and inputs the brand name, model number, price, condition, and shipping method into

---

[2] SEBO's registered and common law trademarks include: SEBO, SEBO & Design, FELIX, DART, AIRBELT, WORKS, FELIX, AUTOMATIC X, ESSENTIAL G, COMFORT, AIRBELT, DART, DISCO, DUO, DUO-P, and WORKS FOR ME. [#10 at ¶ 3; #15-1; #15-3 at ¶ 2].

[3] SEBO's copyrighted content includes photographs, videos, and text which feature goods marketed under and bearing the SEBO Trademarks. [#10 at ¶ 4].

Amazon's seller interface, but Amazon handles all advertising and marketing of Mr. Azar's products and is responsible for creating and maintaining the products' page. [#18-1 at ¶¶ 4-9]. Mr. Azar does not directly advertise, conduct, or solicit business in Colorado, or have any physical presence in Colorado, though Colorado consumers likely have access to Mr. Azar's products through Amazon. [*Id.* at ¶¶ 7, 10-13, 15]. Although neither Mr. Azar nor Fairfaxer International are authorized SEBO dealers, Mr. Azar (through Fairfaxer International) has sold SEBO products through Amazon—products not covered by SEBO's warranties. *See* [#10 at ¶¶ 5-6, 9-12, 55-71; #15-1; #15-3 at ¶¶ 14-19; #23-2 at 6-30]. According to SEBO, this unauthorized sale of SEBO's products has caused SEBO irreparable reputational and financial harm. *See* [#10 at ¶¶ 72-224; #15-3 at ¶¶ 20-29].

SEBO initiated this civil action, asserting claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and related Colorado law claims against Mr. Azar, on October 7, 2020. [#1]. At some point, SEBO's counsel contacted Mr. Azar and Mr. Azar allegedly stated that he did not see anything wrong with his conduct. [#15-2 at ¶ 4]; *see also* [#23-1 at ¶¶ 2-4]. SEBO filed an Amended Complaint as a matter of right on December 11, 2020, [#10], and filed the instant Motion for Preliminary Injunction on January 7, 2021, [#15]. SEBO requests that the court enjoin Mr. Azar from selling SEBO's products on Amazon. *See generally* [#15]. On January 10, 2021, Defendant filed the instant Motion to Dismiss, arguing that this court lacks personal jurisdiction over Mr. Azar and so it should dismiss this civil action. *See generally* [#18]. After the completion of briefing on both Motions, the court held oral argument and took the Motions under advisement on February 23, 2021. *See* [#27]. I consider the Parties' arguments below.

**LEGAL STANDARDS**

**I.      Rule 65 of the Federal Rules of Civil Procedure**

"Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018). To receive a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harms that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (quoting *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007)). In some instances, however, courts require a heightened showing if the preliminary injunction mandates action, alters the status quo, or provides the movant with all requested relief. *See Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019). In such instances, the movant "must make a strong showing" as to the likelihood of success on the merits and the balance of harms. *Sec. & Exch. Comm'n v. Scoville*, 913 F.3d 1204, 1214 (10th Cir. 2019) (internal quotation marks omitted).

**II.     Rule 12(b)(2) of the Federal Rules of Civil Procedure**

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to challenge the court's personal jurisdiction over the named parties. Fed. R. Civ. P. 12(b)(2). SEBO bears the burden of demonstrating that the court has personal jurisdiction over Mr. Azar. *See Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1069 (10th Cir. 2008). When, as here, the district court decides a Rule 12(b)(2) motion to dismiss without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST*

4

*Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). In considering whether Mr. Azar has sufficient contacts with this District to support the court's exercise of personal jurisdiction, the court must accept all well pleaded facts and must resolve any factual disputes in SEBO's favor. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

## ANALYSIS

Before this court may issue a valid preliminary injunction against Mr. Azar, it must first determine, at a minimum, whether there is a reasonably probability that it has personal jurisdiction over Mr. Azar. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 19 F. App'x 815, 822 (10th Cir. 2001) (holding that plaintiffs are required to show a "reasonable probability," rather than by "preponderance of the evidence," that they will prevail on the issue of personal jurisdiction when its action is tried on the merits); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."). Accordingly, I consider the Parties' arguments regarding personal jurisdiction before considering whether injunctive relief is appropriate. For the following reasons, I respectfully conclude that Mr. Azar is not subject to personal jurisdiction in the District of Colorado, and thus do not reach Plaintiff's Motion for Preliminary Injunction.

### I.     Personal Jurisdiction

"The requirement that a court have personal jurisdiction flows from the Due Process Clause. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter

of individual liberty." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000) (brackets, ellipses, and internal quotation marks omitted). Because neither the Lanham Act nor the Copyright Act provide for nationwide service of process, *Allison v. Wise*, 621 F. Supp. 2d 1114, 1117 n.1 (D. Colo. 2007), SEBO "must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment," *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995); *accord Toytrackerz LLC v. Koehler*, No. CIV.A. 08-2297-GLR, 2009 WL 1505705, at *3 (D. Kan. May 28, 2009) ("Where, as here, the underlying action is based on a federal statute, the court applies state personal jurisdiction rules if the federal statute does not specifically provide for national service of process."). "Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124, extends jurisdiction to the [United States] Constitution's full extent. The personal jurisdiction analysis here is thus a single due process inquiry." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (internal case citations omitted).

"To exercise jurisdiction in harmony with due process, defendant[] must have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (brackets and internal quotation marks omitted). The minimum contacts may give way to specific or general jurisdiction. *See Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). General jurisdiction exists when the defendant's contacts with the forum are "so continuous and systematic as to render [it] essentially at home in the forum State." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction exists when a defendant "purposefully avails itself of the privilege of

6

conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004) (internal quotation marks omitted).

It is undisputed that the court does not have general jurisdiction over Mr. Azar [#1 at ¶¶ 17-19; #23], and thus I focus on specific jurisdiction. To exercise specific jurisdiction over Mr. Azar, Plaintiff must make a prima facie showing of Mr. Azar's contacts with the forum that are more than just "random, fortuitous, or attenuated," such that he should "reasonably anticipate being haled into court there." *Monge v. RG Petro- Mach. (Grp.) Co. Ltd.*, 701 F.3d 598, 613 (10th Cir. 2012). The court must therefore examine the "quantity and quality" of Mr. Azar's contacts with Colorado and determine whether a nexus exists between those contacts and SEBO's cause of action. *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010). For the following reasons, I conclude SEBO fails to establish Mr. Azar's minimum contacts with the District of Colorado for purposes of personal jurisdiction.

### A. Minimum Contacts

"The minimum contacts standard allows a federal court to exercise specific personal jurisdiction over a foreign defendant only if the defendant purposely directed her activities at the forum and the plaintiff's injuries arose from the defendant's forum-related activities." *CGC Holding Co., LLC v. Hutchens*, 974 F.3d 1201, 1209 (10th Cir. 2020). "The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020). A plaintiff's injuries, however, do not arise from the defendant's contacts with the forum if the plaintiff "would have suffered the same injury even if none of the defendant's forum contacts had taken place."

*Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1285 (10th Cir. 2020) (brackets and internal quotation marks omitted).

SEBO argues that personal jurisdiction in this District is appropriate because Mr. Azar's alleged tortious conduct is harming SEBO in Colorado. [#10 at ¶ 17; #23 at 6, 10-13; #25 at 2-3]. That is, Mr. Azar is engaging in the unauthorized sale of SEBO products and is guilty of willfully infringing on SEBO's registered trademarks and copyrights, which SEBO registered from Colorado, and Mr. Azar's postings and advertisements on Amazon are accessible to Colorado consumers. *See* [#10 at ¶¶ 18-19; #23 at 6, 10-13; #25 at 2-3]. During oral argument, SEBO's argument pivoted to focus not upon the advertisement itself, but upon injury to SEBO based on the purportedly false and misleading statements associated with SEBO's products on Amazon, i.e., such inaccurate statements would require SEBO to honor or decline to honor warranty demands by consumers, which would be suffered by SEBO in Colorado. [#27].

Mr. Azar counters that Plaintiff puts forth no evidence that Mr. Azar purposefully directed his conduct towards Colorado. *See* [#18 at 6-7; #22 at 3; #26 at 2-3]. Rather, Mr. Azar avers that Plaintiff relies solely on where it felt the effects of the alleged injury, which does not establish the requisite minimum contacts because the unrefuted evidence establishes that Mr. Azar never advertised in, conducted or solicited business in, or otherwise had any direct contact with Colorado. *See* [#18 at 6-8; #22 at 3; #26 at 3-9]. In addition, during oral argument, Mr. Azar contended that the operative Amended Complaint does not identify any specific instance where Plaintiff was called upon to honor a warranty in Colorado, or any other specific injury to it. I respectfully agree with Mr. Azar.

When considering an out-of-state defendant's contacts with the forum state, courts may consider whether the out-of-state defendant:

8

>    1. maintained continuous relationships with the forum's residents,
>
>    2. deliberately exploited the forum's market, and/or
>
>    3. directed harmful effects to the forum.

*Old Rep. Ins. Co.*, 877 F.3d at 905.  There are no allegations of a physical presence by Defendant in Colorado; rather, Plaintiff relies upon Mr. Azar's contacts with this District through the internet.

In recognizing the inherent non-territorial nature of the internet, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") explained that "it is necessary to adapt the analysis of personal jurisdiction to this unique circumstance by placing emphasis on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there."  *Shrader*, 633 F.3d at 1240 (emphasis in original). Indeed, simply posting information to the internet does not subject the poster to personal jurisdiction in every state where the "electronic signal is transmitted and received" because there is no "manifested intent of engaging business or other interactions in the State[.]" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002).  The court must therefore determine whether Mr. Azar "deliberately directed [his] message at an audience in the forum state and intended harm to [SEBO] occurring primarily or particularly in [Colorado]."  *Shrader*, 633 F.3d at 1242 ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state.").

SEBO argues at length that Defendant's website is not simply passive, and Mr. Azar deliberately and intentionally targeted SEBO in Colorado because he willfully infringed SEBO's registered trademarks and copyrights.  According to SEBO, its counsel raised the issue directly with Mr. Azar, yet Mr. Azar continued to sell SEBO products on Amazon, which continued to

9

infringe on SEBO's registered trademarks and copyrights and appeared to create warranty obligations on SEBO that did not exist. *See* [#23 at 9-13; #25 at 2-4]. At oral argument, SEBO elaborated by arguing that the website is not passive, because the manner by which Defendant advertises SEBO products on Amazon allows consumers to draw incorrect conclusions regarding the associated warranty obligations, and any warranty obligations or denial of warranty obligations would accrue to SEBO in this District. Thus, the harm to SEBO's goodwill and reputation resulting from Defendant's tortious conduct would occur in Colorado. Respectfully, the court is unpersuaded that these allegations are sufficient to confer specific personal jurisdiction over Defendant in this forum.

SEBO must demonstrate that Mr. Azar intentionally directed his conduct to Colorado <u>and</u> intended to harm SEBO in Colorado. The court agrees with SEBO that Defendant's use of the Amazon platform to sell goods is not passive, i.e., not merely providing information.[4] But the operation of a website alone, even one that allows individuals located in Colorado to obtain products, is insufficient to establish personal jurisdiction. *Onyx Enterprises Int'l Corp. v. Sloan Int'l Holdings Corp.*, No. 19-CV-2992-DDD-KLM, 2020 WL 1958414, at *4 (D. Colo. Mar. 26, 2020) (holding that the operation of a website and use of that website to make products available throughout the United States does not demonstrate any type of contact with Colorado specifically); *Boppy Co. v. Luvee Prod. Corp.*, No. 04-MK-320 (OES), 2004 WL 2608265, at *4 (D. Colo. May 25, 2004). *See also Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 446 (7th Cir. 2010) (finding that defendant's operation of website

---

[4] Indeed, the court notes as internet commerce has developed and expanded, the distinction between "passive" and "interactive" may not be relevant or instructive any longer. *Cf. Boppy Co. v. Luvee Prod. Corp.*, No. 04-MK-320 (OES), 2004 WL 2608265, at *4 (D. Colo. May 25, 2004) (considering the appropriate characterization of a website).

10

that could be accessed in Illinois was insufficient to support personal jurisdiction); *cf. be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (finding no exploitation of the Illinois market where there was no evidence the defendant interacted with the small number of Illinois registrants on the defendant's dating website). Here, without more than the availability of Defendant's products to Colorado residents, the court "cannot say that merely because Colorado residents can order from [defendant], the [defendant] has purposefully directed its activities towards Coloradans, any more than it has directed its activities towards the nation (or world) in general." *Boppy*, 2004 WL 2608265, at *4.

While it may be true that SEBO confronted Mr. Azar about his alleged misconduct, which did not deter Mr. Azar, there are insufficient facts in the record, through affidavits or other documents, demonstrating that Mr. Azar directed any conduct to Colorado specifically, either before or after such contact from SEBO. *See Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (explaining that purposeful direction requires a showing that defendant's conduct was intentional and "expressly aimed at the forum" with knowledge that the plaintiff would suffer an injury in the forum). As mentioned, aside from vague and conclusory suggestions, there is nothing in the record that reflects Mr. Azar sold any SEBO products to Colorado residents. *Cf. PopSockets LLC v. Online King LLC*, No. 19-CV-01277-CMA-NYW, 2019 WL 7168661, at *3 (D. Colo. Dec. 23, 2019) ("In the instant case, Plaintiff sufficiently alleges that Defendant purposefully directed activity in Colorado by selling products bearing Plaintiff's trademarks to <u>Colorado residents</u>." (emphasis added)); *Otter Prod., LLC v. Wang*, No. 18-CV-03198-CMA-SKC, 2019 WL 1403022, at *3 (D. Colo. Mar. 28, 2019) ("This Court has personal jurisdiction over Wang because Wang has expressly aimed his tortious activities toward Colorado and purposefully availed himself of the privilege of doing business in Colorado through <u>significant and regular sales of infringing</u>

11

products bearing the Otter Trademarks to Colorado with the knowledge that Plaintiffs are located in Colorado and will be harmed in Colorado." (emphasis added)). Indeed, at oral argument, Plaintiff conceded that it had made no allegations in the Amended Complaint, nor proffered any affidavits or documents in response to the Motion to Dismiss, regarding the amount of SEBO products sold by Defendant to Colorado consumers or what percentage of Defendant's sales could be attributed to Colorado.  [#27].

Nor is the court convinced that Mr. Azar's purported knowledge of SEBO's harm and his continued sale of SEBO products is enough to satisfy the purposeful direction component in the absence of any indication that Mr. Azar sold SEBO products to Colorado consumers. For instance, in *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, the Tenth Circuit held that the plaintiffs, who ran online auctions through eBay from their Colorado home, established purposeful direction when the defendants successfully suspended the plaintiffs' eBay account and then threatened the plaintiffs with legal action for copyright infringement. 514 F.3d at 1067, 1072-78. The Tenth Circuit found that the defendants' conduct was intentional, *see id.* at 1073-74, and expressly aimed at the forum (Colorado) because the defendants' "express aim in acting was to halt a Colorado-based sale by a Colorado resident," *id.* at 1076. This, in turn, demonstrated that the defendants knew the harm to the plaintiffs would occur in Colorado, not that this was just a mere possibility. *See id.* at 1077-78.

Unlike *Dudnikov*, SEBO fails to demonstrate that Mr. Azar expressly aimed his alleged conduct at Colorado with the intent to harm SEBO in Colorado. As explained, while Colorado consumers could theoretically purchase Mr. Azar's unauthorized SEBO products, there is no evidence or allegation that any did so. Rather, SEBO relies exclusively on where the alleged harm could occur. But the Tenth Circuit in *Dudnikov* expressly rejected any suggestion "that jurisdiction

12

is proper simply based on plaintiffs' decision to hold an eBay auction of materials that allegedly infringe upon defendants' copyrights." 514 F.3d at 1074. Indeed, the Tenth Circuit distinguished *Dudnikov* where, like here, the defendants' only connection to Colorado was that the plaintiff's alleged injury occurred in Colorado based on the defendants' conduct elsewhere. *See Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1281-82 (10th Cir. 2016). The same appears true here, because "merely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed," especially in the absence of any interaction with residents of the forum. *Shrader*, 633 F.3d at 1244. And SEBO's contentions that it confronted Mr. Azar at some point does not suggest that Mr. Azar knew, rather than merely foresaw, that his conduct would harm SEBO in Colorado. *See Dudnikov*, 514 F.3d at 1076-77 (explaining that purposeful direction requires more than the mere foreseeability that the injury would occur in the forum); *cf. C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1324 (10th Cir. 2019) (concluding that sending a single cease-and-desist letter is insufficient to confer jurisdiction).

Nor is there anything in the record that reflects Plaintiff's theory expounded upon at oral argument, i.e., that because Defendant's products were associated with representations regarding SEBO's warranties, SEBO would suffer harm to its goodwill by having to either honor or dishonor warranties in Colorado. [#27; #23 at 6]. Indeed, such purported injury is entirely speculative, and Plaintiff's briefing on this issue consists only of attorney argument, with no affidavits or other supporting documents reflecting that any customer who purchased SEBO products from Defendant has demanded that SEBO honor inaccurate warranty obligations or that SEBO has incurred an actual injury-in-fact from any such demands. [#23 at 6].

At bottom, SEBO's justification for personal jurisdiction over Mr. Azar in Colorado rests solely on the locale of SEBO's claimed injuries. But the Supreme Court of the United States has explained that "the plaintiff cannot be the only link between the defendant and the forum," *Walden v. Fiore*, 571 U.S. 277, 285 (2014), which appears to be the case here, *cf. Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004) ("It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger lived in California. But this does not confer jurisdiction"). Without more, the record simply does not support a conclusion that Mr. Azar directed his conduct to Colorado, and this court cannot exercise specific personal jurisdiction over Defendant in this District. *See Anzures*, 819 F.3d at 1281 ("In short, defendants' suit-related conduct did not create any meaningful contacts with Colorado itself, and the fact that Anzures was affected in Colorado (because he resides there) is insufficient to authorize personal jurisdiction over defendants"); *Old Republic Ins. Co.*, 877 F.3d at 917 (finding no purposeful direction to Colorado where the defendant published materials over the internet to "an audience broader than only Colorado" and there existed only a mere awareness by the defendant that harm may befall the plaintiff in Colorado).

Based on the foregoing, the court concludes that SEBO fails to make a prima facie showing that Mr. Azar had the requisite minimum contacts with Colorado. Because of this, I do not consider whether the exercise of personal jurisdiction over Mr. Azar would offend traditional notions of fair play and substantial justice.[5] *Anzures*, 819 F.3d at 1282. Without personal jurisdiction, the court lacks authority to consider, or grant, the injunctive relief sought in the Motion for Preliminary

---

[5] The court does briefly note, however, that at oral argument, Defendant conceded that at least the United States District Court for the Western District of Kentucky would have personal jurisdiction over him, [#27], thereby leaving SEBO with some recourse.

Injunction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (observing that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)"); *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 800 ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."). Thus, dismissal without prejudice of SEBO's Amended Complaint [#10] and claims against Mr. Azar is warranted. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (stating that dismissal for lack of personal jurisdiction should be without prejudice to allow the plaintiff to file suit in the appropriate forum).

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Defendant's Motion to Dismiss [#18] is **GRANTED**;

(2)     Plaintiff's Amended Complaint [#10] and claims against Mr. Azar are **DISMISSED without prejudice** for lack of personal jurisdiction;

(3)     Plaintiff's Motion for Preliminary Injunction [#15] is **DENIED as moot**;

(4)     Final Judgment shall enter in favor of Mr. Azar and against SEBO, with Mr. Azar entitled to his reasonable costs; and

(5)     This matter shall be terminated accordingly.

DATED: February 24, 2021                                BY THE COURT:

                                                        Nina Y. Wang
                                                        United States Magistrate Judge